JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1702 JGB (DTBx)** | Date | September 27, 2024 |
|---|---|---|---|
| Title | *Orlando Romero Jr. v. Anthony Bridges, et. al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Orders; (2) VACATING the October 7, 2024 Hearing; and (3) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

     On October 3, 2024, pro se plaintiff Orlando Romero, Jr. ("Plaintiff") filed a complaint in the Superior Court of California, County of San Bernardino against defendants Anthony Bridges ("Bridges"), Anthony Mesa ("Mesa"), Johnny McClatchy ("McClatchy"), Andrew Montes ("Montes"), and the Department of Veteran's Affairs ("VA"). ("Complaint," Dkt. No. 1-1.) On August 12, 2024, nonparty United States of America ("USA") removed the action to this Court. ("Removal," Dkt. No. 1.) On August 14, 2024, the USA substituted as a defendant for McClatchy and Montes. ("Substitution," Dkt. No. 6.)

     On August 19, 2024, defendants USA and VA (collectively, the "Federal Defendants") moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). ("Motion" or "MTD," Dkt. No. 8.) On September 9, 2024, Federal Defendants filed a notice of non-receipt of opposition. ("Notice," Dkt. No. 11.) On September 18, 2024, this Court ordered Plaintiff Romero to file an opposition or a notice of non-opposition by September 23, 2024. ("Order to Show Cause" or "OSC," Dkt. No. 12.) As the Court noted in its OSC, Plaintiff had failed to file opposition papers pursuant to Local Rule 7-9 ("L.R. 7-9"). (Id.) The OSC warned Plaintiff that "[f]ailure to comply with this Court's order may result in the dismissal of the entire action." (Id.) To date, Plaintiff has still not filed an opposition, a notice of non-opposition, or requested an extension of time.

     Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b);

Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff failed to comply with the Court's OSC by the Court-ordered deadline.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending."  Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980).  Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  Plaintiff has unreasonably delayed this action without explanation by failing to file an opposition to Federal Defendants' MTD and failing to respond to the Court's OSC.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket."  Ferdik, 963 F.2d at 1261; see also Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).

Additional delay will prejudice Federal Defendants, forcing them to spend needless resources defending this action.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay.").  Moreover, less drastic sanctions are not realistic.  The Court has already issued an Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).  "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)).  In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety.  See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to comply with court orders and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**